**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Salazar,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>United States of America; Charles Gideon, M.D. and Jane Doe Gideon, husband and wife; Sun Life Family Health Center, an Arizona Corporation,<br><br>　　　　Defendants. | No. CV 05-0600-PHX-NVW<br><br>**ORDER** |

The court has before it Plaintiff's Complaint (Doc. # 1), Defendants' Motion to Dismiss (Doc. # 15), and Defendants' Statement of Facts in Support of Defendants' Motion to Dismiss (Doc. # 16).

**I.　Background**

On December 17, 2001, Plaintiff Brenda Salazar suffered severe injury in the course of giving birth to her child. Alleging that the injury was the product of the doctor's negligence, she filed an administrative tort claim with the Department of Health and Human Services on December 16, 2003. Plaintiff's administrative claim was subsequently denied in a letter sent by certified mail on August 4, 2004. The letter, which Plaintiff received on August 9, cited 28 U.S.C. § 2401(b) and explained that Plaintiff had six months from the date of the mailing to file suit for her claims against the United States under the Federal Tort

Claims Act. After that period, the letter explained, Plaintiff's claims would be barred by statute. The statute provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
> 28 U.S.C. § 2401(b).

Plaintiff's attorney nevertheless filed suit on February 22, 2005, approximately three weeks after the expiration of the six-month window. Defendant United States now moves to dismiss the action, arguing that Plaintiff's failure to file suit within the statutory period deprives the court of subject matter jurisdiction.

## II.   Analysis

The Federal Tort Claims Act provides a waiver of sovereign immunity that allows tort plaintiffs to bring suit against the United States. This waiver, however, is limited in part by specific requirements regarding the timing of the lawsuit. Plaintiffs must exhaust administrative remedies prior to pursuing their claims in federal court. *See* 28 U.S.C. § 2675(a). Section 2675(a) reads in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.
> 28 U.S.C. § 2675(a).

Plaintiffs must also bring suit within six months of the date on which the appropriate agency mails final notice that administrative remedies have been denied. *See* 28 U.S.C. § 2401(b). Failure to act in accordance with § 2401(b) precludes federal jurisdiction over the claim. *Id.*; *Berti v. V.A. Hospital*, 860 F.2d 338, 340 (9th Cir. 1988).

Plaintiff brought her action approximately three weeks after the expiration of the six-month period. *Compare* Doc. # 16, Exhibit 2 *with* Doc. # 1 at 10. Thus, under the clear

- 2 -

1 language of § 2401(b), the court lacks jurisdiction to adjudicate Plaintiff's claim. The failure
2 of the Department of Health and Human Services to make a final disposition of the claim in
3 a timely manner does not alter the court's conclusion. *See Anderson v. United States*, 803
4 F.2d 1520, 1522 (9th Cir. 1986) (rejecting the argument that an agency's failure to act on a
5 claim in a timely fashion under § 2675(a) permits a plaintiff to file suit outside of 2401(b)'s
6 six-month window).

7     Accordingly,

8     IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. # 15) is
9 granted.

10     IT IS FURTHER ORDERED that the clerk enter judgment dismissing this action as
11 against Defendant United States of America for lack of subject matter jurisdiction and
12 dismissing the action as against all other Defendants without prejudice on Plaintiff's motion
13 (doc. # 6). The clerk shall terminate this action.

14     DATED this 27th day of September 2006.

_____
Neil V. Wake
United States District Judge